**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Joseph Bergeron, Jr.

   v.                                              Civil No. 18-cv-579-JL

State of New Hampshire

### REPORT AND RECOMMENDATION

Plaintiff Michael Joseph Bergeron, Jr., proceeding in forma pauperis, has filed a Complaint, Doc. No. 1, that is before this court for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2).

### I.  Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings filed in forma pauperis.  See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief.  Hernandez-Cuevas

v. Taylor, 723 F.3d 91, 102 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**II.  Background**

Bergeron states that the State of New Hampshire, acting through its Attorney General's office, has unconstitutionally prosecuted him.  He bases this claim on Article III, section 2 of the United States Constitution, which states that The Supreme Court has original jurisdiction over all cases in which a state is a party.  Accordingly, Bergeron asserts, his convictions in state trial courts are unconstitutional because he was not tried in the United States Supreme Court.  He seeks compensation and to have his convictions overturned.

**III.  Discussion**

　　A.  42 U.S.C. § 1983

The court construes Bergeron's claim for damages as intending to be asserted under 42 U.S.C. § 1983, which authorizes claims for relief filed by plaintiffs alleging that a defendant acting under color of state law violated their federal rights.  Bergeron has failed to set forth a constitutional violation.  Under our federal system, the "States possess primary authority for defining and enforcing the criminal law." United States v. Lopez, 514 U.S. 549, 561 n.3 (1995) (internal

quotation marks omitted); Screws v. United States, 325 U.S. 91, 109 (1945) (plurality opinion) ("Our national government is one of delegated powers alone.  Under our federal system the administration of criminal justice rests with the States except as Congress, acting within the scope of those delegated powers, has created offenses against the United States").

### B.  Rooker-Feldman doctrine

Bergman's request for this court to overturn his state court convictions is barred by the Rooker-Feldman doctrine, which holds that, as a general rule subject to certain exceptions not relevant here, lower federal courts cannot review and reverse prior state judgments.  See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); Klimowicz v. Deutsche Bank Nat'l Tr. Co., No. 17-1916, 2018 WL 5094793, at *2 (1st Cir. Oct. 19, 2018).  The Rooker-Feldman doctrine divests this court of jurisdiction over cases brought by parties that lost in state court, complaining of injuries caused by state court judgments rendered before the district court proceedings commenced, and "'inviting district court review and rejection of [the state court's] judgments.'" Skinner v. Switzer, 562 U.S. 521, 532, (2011) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); McKenna v. Curtin, 869 F.3d 44, 47 (1st Cir. 2017).

## IV.  Conclusion

The district judge should dismiss this civil rights action, in its entirety, based on the issues discussed herein.  Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2); LR 7.2(d).  The 14-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 3, 2018

cc: Michael Joseph Bergeron, Jr., pro se